IT IS ORDERED

Date Entered on Docket: October 23, 2020

_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:
JOE TORRES FLORES,

    Debtor.                                                    Case No. 13-19-11615 JA

### STIPULATED ORDER MODIFYING THE AUTOMATIC STAY AND PROVIDING FOR THE ABANDONMENT OF PROPERTY

This matter came before the Court on U.S. Bank National Association, as Indenture Trustee on Behalf of and with Respect to AJAX Mortgage Loan Trust 2017-D, Mortgage Backed Notes ("**Creditor**"), Motion for Relief from Automatic Stay for the Abandonment of Property, filed on August 11, 2020, (Docket No. 42) (the "**Motion**"). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

On August 11, 2020 Creditor served the Motion and a notice of the Motion (the "**Notice**") on Gerald Velarde, Attorney for Debtor, and Tiffany M. Cornejo (the "**Trustee**") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on Joe Torres Flores ("Debtor") by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

1

a. The Motion relates to the property located at 2165 Don Andres, Albuquerque, NM 87105 (the "Property"), more fully described as:

> TRACT LETTERED "A" OF THE PLAT OF LANDS OF VICTOR MORA JR, A REPLAT OF TRACT 180C, MIDDLE RIO GRANDE CONSERVANCY DISTRICT MAP 43, BERNALILLO COUNTY, NEW MEXICO, AS SHOWN AND DESIGNATED ON THE PLAT FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO ON DECEMBER 24, 1986, IN VOLUME C32, FOLIO 109.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

b. The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

c. The Notice was sufficient in form and content;

d. The deadline to object expired on September 1, 2020;

e. On August 31, 2020, Debtors filed an Objection to the Motion (Docket No. 44). No other party in interest filed a response to the Motion;

f. The Court being advised of both the Debtor's' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered Creditor's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. <u>Post-Petition Default</u>. The Debtors will cure the postpetition arrears in the amount of $2,604.55 by making one down payment of $500.00 and then making nine (9) monthly payments of $233.84 each (the "**Stipulated Monthly Payment**").

2. Stipulated Monthly Payments. The Debtor shall timely pay the Stipulated Monthly Payments as follows:

| Due Date | Payment Amount |
|---|---|
| November 15, 2020 | $500.00 |
| December15, 2020 | $233.84 |
| January 15, 2021 | $233.84 |
| February 15, 2021 | $233.84 |
| March 15, 2021 | $233.84 |
| April 15, 2021 | $233.84 |
| May 15, 2021 | $233.84 |
| June 15, 2021 | $233.84 |
| July 15, 2021 | $233.84 |
| August 15, 2021 | $233.83 |
| **TOTAL** | **$2,604.55** |

3. Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total postpetition default of $2,604.55 by August 15, 2021. These payments shall include the loan number, made via certified funds and delivered to:

>Gregory Funding, LLC
>P.O. Box 742334
>Los Angeles, CA 90074-2334

4. <u>Monthly Note Payments</u>. In addition, Debtors shall continue to timely pay their regular monthly payment due as required by the Note in the amount of $644.25 as they come due commencing with the October 1, 2020 payment (unless otherwise notified by Creditor), and continuing thereafter (the "**Note Payment**").

5. <u>Notice of Default</u>. In the event the Debtor fails to tender either a Stipulated Monthly Payment or Note Payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtor and sent by electronic notification to Debtor's counsel (the "**Notice of Default**").

   a. <u>Cure Period</u>. The Debtor will have ten (10) days from the filing of a Notice of Default to pay the balance due pursuant to the Notice of Default (the "**Cure**").

   b. <u>Default</u>. If the Debtor fails to Cure within ten (10) days of the filing of the Notice of Default, then Debtor shall be in Default (the "**Default**").

c. <u>Affidavit of Default</u>. If Debtor is in Default, then upon movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtor's bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

d. <u>Third Failure to Make Monthly Payment</u>. The Debtor will only receive two (2) Notices of Default. In the event that the Debtor Defaults a third time by failing to make either the Stipulated Monthly Payment or regular Note Payment when it becomes due, Creditor may immediately proceed with the filing of an Affidavit of Default, thereby terminating the automatic stay and abandoning the Property as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage. The automatic stay is not modified to permit creditor to take any act to collect a deficiency or other obligation against the debtors or to create any personal liability as to the debtors, but rather, the stay is modified to allow the debtors to be named as defendants *in rem* and seek enforcement of its security interest against the property.

6. <u>Trustee Payments</u>. Upon Default and the filing of an Affidavit of Default with proper notice of the Default to the Trustee, the Trustee shall immediately cease making payments to Creditor pursuant to the Debtor's Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the Creditor's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Creditor's Note and Mortgage as described above.

That upon Default by the Debtor and proper notice of the Default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Creditor may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered.

That upon Default by the Debtor and proper Notice of the Default to the Trustee, the Trustee shall cease making payments to Creditor pursuant the Confirmed Plan, and any future payment and/or deficiency owed by the Debtor to Creditor after sale of the Property shall be set forth in an Amended Proof of Claim filed by Creditor and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon default by Debtor, the filing of the Creditor's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Creditor may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

FRAZIER & RAMIREZ LAW

By */s/ Kelley L. Thurston*
    KELLEY L. THURSTON
    Attorney for Creditor
    2440 Louisiana Blvd NE Suite 530
    Albuquerque, NM 87110
    kelley@frazierramirezlaw.com
    (505) 830-6563


APPROVED BY:


By: approval received via email on 10.19.2020
    Gerald Velarde
    Attorney for Debtor
    2531 Wyoming Blvd NE
    Albuquerque, NM 87112-1027
    Velardepc@hotmail.com
    (505) 248-1828


By: Approval received via email on 10.16.2020
    Tiffany M. Cornejo
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: (505)243-1335

6
Case 19-11615-j13    Doc 48    Filed 10/23/20    Entered 10/23/20 16:17:40 Page 6 of 6